UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAMONT BROWN,

    Plaintiff,

v.

NIAGARA COUNTY,
SGT. PANESSA, Custody Staff
Supervisor, JOHN DOE, Sgt./Custody
Staff Supervisor, JOHN DOE #1, JOHN
DOE #2-7, Captain/Shift Commanders,
JOHN DOE #8-13, Lt.'s/Supervisors,
JOHN DOE #14-17, Sgt.'s/Custody Staff
Supervisors, JOHN DOE #18-23,
Custody Officers, JOHN DOE #24,
County Drug Task Force Detectives,

    Defendants.

24-CV-49 (JLS)

---

### DECISION AND ORDER

*Pro se* plaintiff Lamont Brown, who is incarcerated at the Gouverneur Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983. *See* Dkt. 1 (original complaint); Dkt. 19 (amended complaint, the operative pleading). Brown alleges that Niagara County Jail officials subjected him to inhumane conditions of confinement in violation of the Fourteenth Amendment, failed to intervene in this constitutional violation, and conducted an illegal search of his abdomen in violation of the Fourth Amendment. Brown also filed a motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. 5.

The Court granted Brown's IFP motion, conducted an initial review of his amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and entered an order directing Brown to: (1) state how certain Defendants violated his constitutional rights; (2) list any charges filed against him in connection with the incidents described in the amended complaint, as well as the disposition of those charges; and (3) state whether Defendants acted *pursuant to* or *contrary to* a policy, practice, procedure, or custom of Niagara County Jail—and if Defendants acted "*pursuant to*," state or describe the policy, practice, procedure, or custom. *See* Dkt. 20. Brown filed several documents in response to the Court's order. *See* Dkt. 21; Dkt. 22; Dkt. 23.

Based on the Court's review of Brown's amended complaint (Dkt. 19) and his additional filings (Dkt. 21; Dkt. 22; Dkt. 23), the Court enters the following orders.

## ORDER

IT IS HEREBY ORDERED that Brown's lawsuit is dismissed as to: John Doe, Sgt./Custody Staff Supervisor; John Doe #1; John Doe #2; John Doe #5; John Doe #6; John Doe #7; John Doe #8; John Doe #9; John Doe #10; John Doe #11; John Doe #12; John Doe #23; John Doe #24; John Doe #25; Sgt. Panessa; and Sgt. Filicetti for failure to allege personal involvement. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). The Clerk of Court shall terminate these Defendants from this action. If it is determined later that any of these Defendants ordered x-rays to be taken of Brown, any such the Defendant(s) will be reinstated as Defendant(s) to this case; and it is further

ORDERED that all claims against Niagara County and the Defendants in their official capacities are dismissed for failure to allege that the challenged action was performed pursuant to a municipal policy or custom. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). The Clerk of Court shall terminate Niagara County as a Defendant to this action; and it is further

ORDERED that Brown's amended complaint alleges conditions-of-confinement, failure-to-intervene, and illegal-search claims that are sufficient to survive screening. Brown's amended complaint (Dkt. 19) will proceed to service upon the individual(s) who ordered that the x-rays be taken of him, the custody officers assigned to observe Brown in the dry cell, the sergeants who collected his feces, the custody officers who Brown alleges watched while the sergeants had Brown "sift" through his feces (pick up his feces with his bare hands and place it in a bag), and the officers who accompanied the sergeants to collect the feces;[1] and it is further

ORDERED that, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court asks the Niagara County Attorney's Office to ascertain the full names and last known service addresses of the Defendants mentioned immediately above. The

---

[1] A "plaintiff is allowed to plead in the alternative," and "the alternative claims need not be consistent." *Breton v. City of N.Y.*, 404 F. Supp. 3d 799, 814 (S.D.N.Y. 2019). Here, which Defendants were directly involved in the alleged unconstitutional conditions of confinement and which Defendants failed to intervene is a fact-intensive inquiry that the Court will not resolve at this stage of the proceedings. Moreover, given that the alleged violations took place over several days, it is possible that "a defendant directly participated in one constitutional violation while he failed to intervene in another." *Andrews v. City of Rochester*, No. 21-CV-6764-FPG, 2022 WL 2356630, at *3 (W.D.N.Y. June 30, 2022).

*Valentin* response should identify: the individual or individuals who ordered that x-rays be taken of Brown's abdomen while he was confined at Niagara County Jail;[2] the individuals assigned to observe or monitor Brown in his dry cell at the Niagara County Jail from September 15, 2023, through September 21, 2023; and the individuals who collected Brown's feces on those dates, along with any individuals who accompanied them.

The County Attorney's Office need not undertake to defend or indemnify these individuals at this time. Rather, this order provides a means by which Brown may name and properly serve those unidentified Defendants, as instructed by the Second Circuit in *Valentin*.

The County Attorney's Office shall produce the information specified above regarding the identities of the Doe Defendants, or shall provide a written statement of reasons why such identification is improper or impossible, by **April 21, 2025**, by forwarding it to the Court's *Pro Se* Unit, United States District Court, 100 State Street, Rochester, New York 14614.[3] After the Court receives this information, Brown's amended complaint shall be deemed amended to reflect the full names of these Defendants, summonses shall issue, and the Court directs service on those

---

[2] Brown alleges that the x-rays were taken on or about September 18, 2023 (two x-rays at outside facilities), September 21, 2023 through September 25, 2023 (six x-rays at the Jail), and on or after September 26, 2023 (one x-ray at the Jail). *See* Dkt. 1, at 14, 16, 43.

[3] If the response is instead filed on CM/ECF, it must be submitted by selecting "*Valentin* Response" under "Discovery Documents." Responses filed using this method are reviewed by Court personnel before being made public.

4

Defendants. Should the *Valentin* response return personally identifiable information, such as a home address, the contact information shall be given to the United States Marshals Service solely for the purpose of serving the summons and complaint and otherwise will remain confidential; and it is further

ORDERED that the Clerk of Court shall forward a copy of this decision and order and a copy of Brown's amended complaint (Dkt. 19) by mail to Claude A. Joerg, Niagara County Attorney, Niagara County Courthouse, 175 Hawley St., Lockport, NY 14094-2740; and it is further

ORDERED that, upon service, pursuant to 42 U.S.C. § 1997e(g), Defendants shall respond to the complaint; and it is further

ORDERED that, pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Brown must notify the Court in writing if his address changes. Failure to do so may result in dismissal of this action with prejudice.

Dated:    March 21, 2025
          Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE