UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LAMONT BROWN,

Plaintiff,

-vs-

ZACHARY SUESS, SATNAM SIGNH, SCOTT BORDER, CARISSA BODDECKER, JOSEPH SCHRADER, ED CIRRITO, HUDSON RANKIN, BRIAN PAYNE, JAMIELEE HEATON, JASON NEWMAN, EMILY CORRAINE, DEREK KRATTS, DAVE ZALEWSKI, CLAYTON GIFFORD, MADELINE MORAN, DEVON MANGAN, SHAWN JASPER, DEREK CALDWELL, and MICHAEL SCHIAVITTI,

Defendants.

24-CV-0049 (MAV)

DECISION & ORDER

## INTRODUCTION

Defendants filed a motion to dismiss Plaintiff Lamont Brown's amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 36. Plaintiff filed a response in opposition to the motion, ECF No. 38, and Defendants filed a reply. ECF No. 40.

While the motion to dismiss was pending, Plaintiff filed three motions to compel discovery. ECF Nos. 39, 42, 43. Defendants responded in opposition. ECF Nos. 41, 44, 45.

For the reasons that follow, Defendants' motion to dismiss (ECF No. 36) is GRANTED IN PART. Plaintiff's motions to compel (ECF Nos. 39, 42, 43) are DENIED WITHOUT PREJUDICE.

## BACKGROUND

On September 15, 2023, Plaintiff was arrested after a traffic stop pursuant to an outstanding warrant for his arrest. ECF Nos. 19 at 11; 36-3 at 3. The police expected Plaintiff to be in possession of fentanyl and took him to Niagara County Jail, where a search revealed no drugs, but a Tek84 body scan showed "an abnormal mass . . . in his lower abdominal area" that was "suspected to be contraband." ECF No. 36-3 at 3–4. A judge issued a warrant to allow police to perform a body cavity search of Plaintiff. ECF No. 36-3 at 2. Plaintiff alleges that between September 15 and 21, 2023, he was subjected to multiple body scans and x-rays while in jail, was placed in a "dry cell" with no running water, and was forced to search through his excrement to check for drugs. ECF No. 19 at 11–16, 40–42.

Plaintiff initiated this action under 42 U.S.C. § 1983 by filing a *pro se* complaint. ECF No. 1. He filed an amended complaint on August 12, 2024. ECF No. 19.

The Honorable John L. Sinatra screened Plaintiff's amended complaint and allowed him to proceed on "conditions-of-confinement, failure-to-intervene, and illegal-search claims" against limited Defendants—"the individual(s) who ordered that the x-rays be taken of [Plaintiff], the custody officers assigned to observe [Plaintiff] in the dry cell, the sergeants who collected his feces, the custody officers who [Plaintiff] alleges watched while the sergeants had [Plaintiff] 'sift' through his feces (pick up his feces with his bare hands and place it in a bag), and the officers who accompanied the sergeants to collect the feces." ECF No. 26 at 3. Judge Sinatra

dismissed certain John Does, Sgt. Panessa, and Sgt. Filicetti as Defendants "for failure to allege personal involvement." ECF No. 26 at 2. The order stated that "[i]f it is determined later that any of these Defendants ordered x-rays to be taken of [Plaintiff], [they] . . . will be reinstated as Defendant(s) to this case." ECF No. 26 at 2. The Court ordered that the Niagara County Attorney's Office ascertain the names of the unknown but properly named individuals pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), and the office submitted a letter of names of officers who Plaintiff could have been referring to in his amended complaint. ECF Nos. 26, 27; *see* ECF No. 36-2 at 2–3 (*Valentin* letter attached to Defendants' motion to dismiss).

Defendants filed a motion to dismiss on July 14, 2025, ECF No. 36, to which Plaintiff filed an opposition on July 28, 2025. ECF No. 38. Defendants filed a reply in further support of the motion to dismiss on August 13, 2025. ECF No. 40.

Plaintiff filed his first motion to compel discovery information on August 11, 2025. ECF No. 39. He sought the photo array, search warrants for residences, and body-camera footage related to his arrest. ECF No. 39 at 4. In opposition, Defendants argued that Plaintiff's motion to compel was premature, as discovery had not yet begun and Plaintiff had not served discovery demands on Defendants. ECF No. 6 at 6. Defendants also argued that Plaintiff was "seeking information . . . unrelated to his claims." ECF No. 6 at 6.

Plaintiff filed a second motion to compel discovery information on September 2, 2025, and argued that he could prove the involvement of the individuals who Judge Sinatra had dismissed as Defendants for non-involvement if he had the dry cell log

book from the jail. ECF No. 42. Plaintiff cited Rule of Civil Procedure 60(b). ECF No. 42 at 1–2. Before Defendants responded, Plaintiff filed a third motion to compel on September 8, 2025, again requesting the "county jail dry cell log book." ECF No. 43. Plaintiff also requested medical reports, reports relating to his arrest, and again requested the photo array/line up leading to his arrest and the search warrants for residences. ECF No. 43 at 1–4.

Defendants responded to Plaintiff's second motion to compel and argued that it was actually a motion for relief from judgment under Rule 60, "mislabeled as a motion to compel." ECF No. 44 at 6. Defendants argued that the motion was premature either way—either because discovery had not yet begun or because there was no final judgment to trigger Rule 60(b). ECF No. 44 at 6–7. Defendants similarly objected to Plaintiff's third motion to compel. ECF No. 45 at 6–7.

The motion to dismiss (ECF No. 36) and the motions to compel discovery (ECF Nos. 39, 42, 43) are now before the Court.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant can file a motion seeking dismissal for the "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, "the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). The Court "accept[s] all 'well-pleaded factual allegations' in the complaint as true." *Id.* at 74–75 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Under Federal Rule of Civil Procedure 37(a), a party can move "for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." "Federal district courts have broad discretion in deciding motions to compel." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 87 (S.D.N.Y. 2016).

## DISCUSSION

### 1. Motion to Dismiss Plaintiff's Claim Relating to the Conditions of His Confinement

Defendants argued that Plaintiff failed to state a claim alleging constitutionally infirm conditions of confinement because he failed to exhaust his administrative remedies. ECF No. 36-4 at 10–11. Specifically, Defendants contended that Plaintiff did not file a grievance regarding being placed in a dry cell or having to search through his own excrement for drugs. ECF No. 36-4 at 11. Plaintiff responded that he filed a grievance. ECF No. 38 at 8, 19–23; *see also* ECF No. 19 at 26–27 (grievance attached to amended complaint relating to the "body scan and xray for drugs").

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

To satisfy the requirement to exhaust remedies:

> [P]risoners in New York must ordinarily follow a three-step [DOCCS] grievance process. The first step in that process is the filing of a

> grievance with the Inmate Grievance Resolution Committee. Next, the inmate may appeal an adverse decision to the prison superintendent. Finally, the inmate may appeal the superintendent's decision to [CORC]. In general, it is only upon completion of all three levels of review that a prisoner may seek relief in federal court under § 1983.

*Crenshaw v. Syed*, 686 F. Supp. 2d 234, 236 (W.D.N.Y. 2010) (internal citations omitted).

Importantly, "a prisoner need not specifically plead or demonstrate exhaustion in the complaint because 'failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement.'" *Rucker v. Giffen*, 997 F.3d 88, 92 (2d Cir. 2021) (quoting *Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016)).

Defendants argued that the Court may dismiss a complaint at the motion to dismiss stage for the failure to exhaust where "non-exhaustion is clear from the face of the complaint," relying on *Alexander v. Brown*, 23-CV-06168-FPG, 2024 WL 4770755, at *3 (W.D.N.Y. Nov. 13, 2024). ECF No. 36-4 at 10–11. The Court disagrees that non-exhaustion is clear on the face of the amended complaint here. While Plaintiff did not provide a relevant grievance, he was not obligated to. *See Rucker*, 997 F.3d at 92. This case is unlike *Alexander* because there, the plaintiff admitted in the amended complaint that he did not appeal the denial of his grievance; *i.e.*, he admitted that he did not exhaust his administrative remedies. 2024 WL 4770755, at *3. Here, conversely, Plaintiff claimed in the amended complaint to have filed "grievances." ECF No. 19 at 22.

Discovery is warranted to explore the possibility of additional grievances. The Court finds that dismissal at this stage is not appropriate.

**2. Motion to Dismiss Plaintiff's Claim of Illegal Searches of His Person**

Defendants argued that Plaintiff's claim pertaining to the alleged illegal searches of Plaintiff while in jail fails as a matter of law because the body cavity search was conducted pursuant to a valid search warrant. ECF No. 36-4 at 11–12. Defendants attached the search warrant to their motion, which allows for "a search and manual body cavity search" of Plaintiff at specified hospitals. ECF No. 36-3 at 2. Defendants further argued that they are entitled to qualified immunity. ECF No. 36-4 at 13–14. The Court concludes that Defendants are entitled to qualified immunity regarding the allegations of illegal searches, but not regarding the allegations relating to the conditions of Plaintiff's confinement.

"'In general, public officials are entitled to qualified immunity if (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights.'" *Southerland v. City of New York*, 680 F.3d 127, 141 (2d Cir. 2012) (quoting *Holcomb v. Lykens*, 337 F.3d 217, 220 (2d Cir. 2003)). "A right is 'clearly established' when 'the contours of the right . . . [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

"Qualified immunity is an affirmative defense on which the defendant has the burden of proof." *Outlaw v. City of Hartford*, 884 F.3d 351, 367 (2d Cir. 2018).

Here, Plaintiff pleaded that he was subjected to a "body scan or x-ray" at two hospitals and at the jail. ECF No. 19 at 14, 16, 40, 42. To the extent Plaintiff was

referring to the body cavity search, Defendants met their burden of establishing their entitlement to qualified immunity by attaching the search warrant with the supporting affidavit and documents. *See* ECF No. 36-3 at 2–9. Defendants reasonably relied on the search warrant to conduct the body cavity search, and reasonably believed that conducting the search did not violate Plaintiff's rights. *See Simms v. Vill. of Albion, N.Y.*, 115 F.3d 1098, 1106 (2d Cir. 1997) ("A police officer who relies in good faith on a warrant issued by a neutral and detached magistrate upon a finding of probable cause is presumptively shielded by qualified immunity from personal liability for damages.").

Defendants' proof established that police expected Plaintiff to be in possession of fentanyl, that none was found when he was searched, and that "body scanner images showed a foreign object in the anal area of [Plaintiff's] body." ECF No. 36-3 at 3–4. As such, Defendants did not have reason to doubt the legality of the search warrant for a body cavity search, and are entitled to qualified immunity. *See Simms*, 115 F.3d at 1106; *see, e.g.*, *5 Borough Pawn, LLC v. City of New York*, 640 F. Supp. 2d 268, 292 (S.D.N.Y. 2009) ("Viewing the circumstances of this case objectively, [the defendant] justifiably relied on the search warrant when he searched plaintiffs' business.").

Regarding the x-rays, Defendants would not have reasonably expected that the x-rays to search for contraband violated Plaintiff's rights. "A reasonable correction officer would likely know that case law has consistently upheld the constitutionality of prison searches that are arguably more intrusive than an X-ray scan—such as

strip-searches—when conducted for the legitimate purpose of maintaining prison security." *Rahman v. Schriro*, 22 F. Supp. 3d 305, 316 (S.D.N.Y. 2014) (dismissing some of the *pro se* plaintiff's claims on qualified immunity grounds on a motion to dismiss); *see also Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 330, 332, 339 (2012) (holding that intake strip-search procedures did not violate the Fourth Amendment, reasoning that "[c]orrectional officials have a significant interest in conducting a thorough search as a standard part of the intake process" and noting that "[d]etecting contraband concealed by new detainees . . . is a most serious responsibility").

Plaintiff cannot maintain a Section 1983 claim relating to alleged illegal searches of his person while in jail because Defendants are entitled to qualified immunity. Plaintiff's illegal search claim is therefore dismissed with prejudice.

**3. Motion to Dismiss Plaintiff's Claim Alleging the Failure to Intervene**

Defendants argued that Plaintiff's claim for the failure to intervene fails as a matter of law. ECF No. 36-4 at 12–13. Their argument depends on their first arguments—they contended that Plaintiff cannot establish a constitutional violation because he failed to exhaust administrative remedies regarding his conditions of confinement claim, and failed to establish an illegal search because the cavity search was done pursuant to a valid search warrant. ECF No. 36-4 at 12–13.

"'It is widely recognized that law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.'" *Terebesi v. Torreso*, 764 F.3d 217, 243 (2d

Cir. 2014) (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)).

To establish a claim of failure to intervene, Plaintiff has to prove: "(1) that a constitutional violation was being committed against [him]; (2) that the officer knew, or deliberately ignored, the fact that the constitutional violation was going to be, or was being, committed; (3) that the defendant had a reasonable opportunity to intervene and prevent the harm; and (4) that the defendant did not take reasonable steps to intervene." *Thomas v. City of Troy*, 293 F. Supp. 3d 282, 296 (N.D.N.Y. 2018), *reconsidered on other grounds sub nom. Thomas v. Mason*, No. 1:17-CV-626 (DJS), 2019 WL 6111572 (N.D.N.Y. Nov. 18, 2019).

The Court concludes that Plaintiff can continue his claim for the failure to intervene regarding the conditions of his confinement because at this stage, Defendants have not established the affirmative defenses of failure to exhaust administrative remedies or qualified immunity relating to the conditions of Plaintiff's confinement.

Defendants are shielded by qualified immunity from Plaintiff's claim that they should have intervened regarding the searches of his person. Choosing not to intervene in the searches did not "violate clearly established constitutional rights," *Southerland*, 680 F.3d at 141, because the searches were done pursuant to a search warrant and to check if Plaintiff was bringing contraband into the jail. *See Florence*, 566 U.S. at 330; *Simms*, 115 F.3d at 1106; *Rahman*, 22 F. Supp. 3d at 316.

Plaintiff is therefore permitted to continue his failure to intervene claim related to the conditions of his confinement only.

**4. Motion to Dismiss Plaintiff's Requested Remedy of Punitive Damages**

Defendants argued that Plaintiff's claim for punitive damages should be dismissed for failure to state a claim. ECF No. 36-4 at 14–15. In the amended complaint, Plaintiff demanded "damages compensatorily and punitively, in the amount of $5,000,000.00." ECF No. 19 at 20.

"[P]unitive damages are a remedy and not a separate cause of action." *Eldridge v. Rochester City Sch. Dist.*, 968 F. Supp. 2d 546, 563 (W.D.N.Y. 2013). "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983).

"[P]unitive damages may be awarded against defendants sued in their individual capacities." *Gustafson v. Vill. of Fairport*, 106 F. Supp. 3d 340, 355 (W.D.N.Y. 2015). "[T]he purpose of punitive damage awards is to punish the defendant and to deter him and others from similar conduct in the future." *Vasbinder v. Scott*, 976 F.2d 118, 121 (2d Cir. 1992).

"Based on the record before the Court, it is premature to preclude Plaintiff from pursuing punitive damages at this time." *Lin v. Cnty. of Monroe*, 66 F. Supp. 3d 341, 362 (W.D.N.Y. 2014). Defendants argued that Plaintiff has failed to plead factual allegations to satisfy the high burden for punitive damages. ECF No. 36-4 a 15. The Court disagrees. Punitive damages are a question for the jury, and Plaintiff has sufficiently put Defendants on notice that he intends to seek them. *See Lin*, 66 F.

Supp. 3d at 362 ("'Generally, the issue of whether to award punitive damages is an issue for the jury to decide based on an evaluation of the plaintiffs['] proof of sufficiently serious misconduct.'") (quoting *Cooper v. City of New Rochelle*, 925 F. Supp. 2d 588, 613 (S.D.N.Y. 2013)); *see also Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").

Plaintiff's claims relating to conditions of confinement and the failure to intervene regarding those conditions survive the instant motion to dismiss. The Court will not dismiss his requested remedy of punitive damages for such claims at this time.[1]

**5. Plaintiff's Motions to Compel Discovery**

Plaintiff filed three motions to compel discovery (ECF Nos. 39, 42, 43) while Defendants' motion to dismiss was pending. Defendants responded that the motions were premature, either because discovery had not yet begun, or because there had not yet been a final judgment to trigger Federal Rule of Civil Procedure 60(b). ECF Nos. 6, 44, 45. Defendants also argued that some of the information Plaintiff sought was "unrelated to his claims." ECF No. 6 at 6. The Court agrees with Defendants that Plaintiff's motions to compel discovery responses are premature.

Federal Rule of Civil Procedure 37(a) governs the failure of a party to make discovery disclosures or to cooperate in discovery, and allows for the filing of a motion

---

[1] In his response to the motion to dismiss, Plaintiff also made allegations seemingly arguing that his initial arrest was illegal. *See* ECF No. 38 at 11–18 (section titled "Falsified identification suspect identity"). These arguments are not responsive to Defendants' motion to dismiss.

to compel such responses. It requires the party filing the motion to confer "with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Here, Plaintiff has not referred to any discovery requests he sent to Defendants to which he did not receive a response. Nor has Plaintiff stated that he conferred with Defendants before filing his motions to compel. Plaintiff's motions to compel discovery responses are therefore premature; Plaintiff should request discovery from Defendants before seeking the Court's intervention. Plaintiff's motions to compel (ECF Nos. 39, 42, 43) are denied without prejudice to refiling during the discovery phase of the case if necessary.

The Court notes that some of the discovery requests in Plaintiff's motions relate to allegations that Plaintiff's initial arrest was illegal. Plaintiff did not make an illegal arrest claim in his amended complaint. *See* ECF No. 19 (Plaintiff's amended complaint); ECF No. 26 at 3 (Judge Sinatra's March 21, 2025 screening order). Plaintiff may seek discovery from Defendants that is related to his claims before this Court. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .").

## CONCLUSION

Upon careful consideration of the motions and responses thereto, the Court finds that Plaintiff may continue his claim regarding the conditions of confinement at Niagara County Jail, his claim that Defendants failed to intervene regarding the conditions of confinement, and his requested remedy of punitive damages regarding those claims. At this stage of the case, Defendants have not established the

affirmative defenses of failure to exhaust administrative remedies or qualified immunity relating to the conditions of Plaintiff's confinement. The Court further finds that Defendants are entitled to qualified immunity regarding Plaintiff's claims concerning allegations of illegal searches while in jail and the related failure to intervene allegations. The Court therefore dismisses those claims with prejudice.

Regarding Plaintiff's motions to compel discovery information, the Court dismisses the motions without prejudice. Plaintiff should serve discovery requests on Defendants related to his remaining claims, and should confer with Defendants before seeking the Court's intervention regarding discovery.

Therefore, for the foregoing reasons, it is hereby

ORDERED, that Defendants' motion to dismiss, ECF No. 36, is GRANTED IN PART; and it is further ORDERED that the claims in Plaintiff's amended complaint, ECF No. 19, alleging illegal searches of his person and the failure to intervene regarding said searches are DISMISSED WITH PREJUDICE.

It is further ORDERED that Plaintiff's motions to compel discovery, ECF Nos. 39, 42, 43, are DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: September 28, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge